Georgina L. Medeiros
vs.                    No. 87743.
Manuel R. Cordeiro

April 5, 1933.

CAPOTOSTO, J. In an action in assumpsit for money had and received, the jury returned a verdict for the defendant. The plaintiff moves for a new trial, claiming that the verdict is against the evidence and that she has discovered new evidence which will materially affect the result.

The plaintiff is a niece of the defendant who, with her mother, was abandoned by her father when she was a very young child. Both went to live with the defendant. The mother died when the plaintiff was about nine years old. From then on she became an integral part of the defendant's family. Whatever his children had in the way of shelter, food, clothes, religious instruction, schooling and privileges, the niece had. Up to and including her wedding day, the defendant and his wife did as much as a loving father and mother in their position in life could have done for her. Her earnings, when employed, went into the family budget. Just before her marriage, like Lochinvar of old, the deserting father came out of the west after an absence of many years. He met his daughter at the home of a third party and appeased his flexible conscience for his years of neglect by giving her a check for $200. Another

relative gave her $80. Both these sums the plaintiff gave to her uncle, who immediately deposited them in a joint account in one of our local banks.

The plaintiff's earnings were barely enough for her maintenance, and her two hundred and eighty dollars, together with more which came from the defendant, were used for her wedding expenses and festivities.

Ingratitude was the defendant's compensation for his care and protection of the plaintiff during her infancy and girlhood. But the young woman is not the one to be condemned, for it was quite apparent from the antics in the court-room of those now close to her that she is the unwilling instrument of designing and unappreciative individuals. In fact, while testifying, she, with lowered eyes and barely audible voice, said she made no claim to her earnings but did claim the $280. It was testimony of compulsion.

The affidavits of newly discovered evidence carry no weight whatsoever. They are inaccurate, contain obvious hearsay, and are from persons who were either actually in court at the trial of the case or who might have been available at short notice.

The jury did its duty in finding for the defendant. Any verdict for the plaintiff would have been set aside by this Court.

Motion for new trial denied.

For plaintiff: Charles Z. Alexander.

For defendant: Robinson & Robinson.